UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JamieLyn Lorenti and Angela Lorenti,** | : |
| Plaintiffs, | : Civil Action No.: 3:14-cv-00070 |
| v. | : |
| **GC Services, L.P.; and DOES 1-10, inclusive,** | : COMPLAINT |
| Defendants. | : January 21, 2014 |

For this Complaint, Plaintiffs, JamieLyn Lorenti and Angela Lorenti, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiffs, JamieLyn Lorenti ("JamieLyn") and Angela Lorenti ("Angela", and together with JamieLyn, the "Plaintiffs"), are adult individuals residing in Stamford, Connecticut, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, GC Services, L.P. ("GC"), is a Texas business entity with

an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. <u>The Debt</u>

8. Angela allegedly incurred a financial obligation (the "Debt") to QVC (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>GC Engages in Harassment and Abusive Tactics</u>

12. In or around September 2013, GC left several voicemail messages for JamieLyn in an attempt to collect the Debt. In the messages, GC failed to disclose to JamieLyn that the calls were an attempt to collect the Debt by a debt collector.

13. JamieLyn promptly informed GC that the Debt does not belong to her.

14. In addition, Angela informed GC that she was the person responsible for the Debt and requested that GC update its file to reflect the correct owner of the Debt.

15. GC told Angela that it would update its file and send her written confirmation of the same.

16. However, Angela never received written confirmation that GC's collection file had been updated.

17. Thereafter, Angela called GC.  GC informed Angela that the Debt was still under JamieLyn's name.

18. Moreover, GC failed to send Plaintiffs a letter regarding the Debt within five (5) days of GC's initial communication with either Plaintiff.

C. <u>Plaintiffs Suffered Actual Damages</u>

19. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

20. As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>
<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*</u>

21. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants

3

used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform JamieLyn that a communication was an attempt to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiffs a letter within five days of the initial communications with Plaintiffs.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

27. Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, *et seq.*

28. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

30. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

31. Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 21, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiffs